UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF ED&F MAN CAPITAL MARKETS LIMITED FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Misc. Case No. _____ |

### *EX PARTE* APPLICATION OF ED&F MAN CAPITAL MARKETS LIMITED FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

ED&F Man Capital Markets Limited ("Petitioner"), on the basis of the concurrently filed Memorandum of Law, Request for Judicial Notice and Declaration of Peter Whalen, and exhibits thereto[1] ("Whalen Decl."), and pursuant to 28 U.S.C. § 1782 and Federal Rules of Civil Procedure 26 and 45, respectfully asks this Court to grant the Proposed Order authorizing Petitioner to serve subpoenas for testimony and documents upon William Silverstein ("Silverstein") and Steven Springer ("Springer") (collectively, the "Witnesses").

The requested relief is for the purpose of obtaining discovery for use in a civil proceeding before a foreign tribunal. The discovery is necessary to understand the business relationships between the Witnesses and others. Among other things, one witness (Silverstein) was the person who introduced Petitioner to two of the companies that Petitioner believes are at the center of the fraud and was personally involved in negotiating and executing (fraudulent) trades between Petitioner and these other parties. The other witness (Springer) was, upon information and belief, in management at Genesis during relevant time periods, including becoming the CFO of Genesis in 2014 and continuing in management through at least the first quarter of 2017; he also was a shareholder in a company that received money wrongfully obtained from Petitioner.

In addition, discovery is necessary to obtain information from the Witnesses regarding

---

[1] Pursuant to Fed. R. Civ. P. 5.2(a)(4), Exhibits 1-6 to the Whalen Decl. have been redacted in part to protect financial account information.

remittances received during the time that Petitioner was being defrauded. Evidence of remittances arising from a series of fraudulent nickel trades were obtained in discovery from proceedings in Hong Kong and a Section 1782 Order obtained from the United States District Court for the Northern District of California. Tracing exercises demonstrated that some of that money was traceable to the fraud against Petitioner. The Witnesses are not parties to those proceedings, nor does Petitioner currently intend to make the Witnesses parties to its foreign civil proceeding.

This application ("Application") meets all of the statutory requirements for issuance of an order for the requested discovery under 28 U.S.C. § 1782. *First*, each of the Witnesses resides or can be found in this district because they live in this district. *Second*, the subpoenas direct each of the Witnesses to provide relevant testimony and produce relevant documents for use in civil proceedings outside the United States. *Third*, Petitioner is an "interested person" within the statute as it seeks information to seek redress for the substantial injuries it has suffered as a result of a sophisticated fraud. *Finally*, all of the discretionary factors the courts are required to consider weigh in favor of granting discovery: the Witnesses are not anticipated to be parties to the foreign proceedings, there is every reason to believe the foreign court will be receptive to information ordered disclosed by a U.S. court, and the discovery is being sought in good faith, is highly relevant to the foreign proceedings, and is neither unduly burdensome nor intrusive. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262-65 (2004).

Petitioner seeks the requested relief *ex parte*, which is permissible in the Second Circuit and Southern District of New York. *Gushlak v. Gushlak*, 486 Fed. App'x 215, 217 (2d Cir. 2012) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*."); *see also In re Application of Gemeinschaftpraxis Dr. Med. Schottdorf*, No. Civ. M19-88, 2006 WL 3844464, at *6 (S.D.N.Y. Dec. 29, 2006) (denying motion to quash subpoena granted in *ex parte* application for discovery under 28 U.S.C. § 1782); *In re Application of Hill*, No. M19-117, 2005 WL 1330769, at *1 (S.D.N.Y. June 3, 2005).

WHEREFORE, Petitioner respectfully requests that this Court:

(1) Grant Petitioner's Application pursuant to 28 U.S.C. § 1782;

(2) Authorize Petitioner, through undersigned counsel or its agents, to issue, sign, and serve subpoenas upon William Silverstein and Steven Springer in substantially the same form as attached to the Declaration of Peter Whalen as Exhibits 8-11 to take discovery relating to the issues identified in this Application;

(3) Direct the Witnesses to comply with such subpoenas in accordance with the Federal Rules of Civil Procedure and the Rules of this Court.

Dated: October 4, 2019

By: */s/ Harris R. Wiener*

CLYDE & CO US LLP

Harris Wiener, Esq.
405 Lexington Avenue, 16th Floor
New York, NY 10174
(212) 710-3991
harris.wiener@clydeco.us

*Attorneys for Petitioner ED&F Man Capital Markets Limited*